Russell, C.J., Breckenridge, Fischer, Stith, and Draper, JJ., concur; Teitelman, J., dissents in separate opinion filed.

### RICHARD B. TEITELMAN, JUDGE

I respectfully dissent. Section 536.087.1 provides that the prevailing party in "an agency proceeding or civil action arising therefrom, brought by or against the State, shall be" awarded attorney fees. The principal opinion holds that Mother is not entitled to attorney fees because the underlying agency proceeding was a child support dispute between Mother and Father and, as such, was not brought "by or against" FSD. While FSD may not have been a party to the underlying agency proceeding, FSD is a party to Mother's petition for judicial review of the FSD child support order. Further, Mother's petition for review was necessitated by FSD's award of insufficient child support. Consequently, FSD is a party to the civil action arising from the underlying agency proceeding and should be liable for attorney fees if Mother can demonstrate that she is a prevailing party and that FSD's position was not substantially justified.

In the civil action for review of the FSD child support order, FSD took the position that its child support order was justified. Prior to judicial resolution of this issue, Mother and Father entered a settlement in which Father agreed to pay more child support than the amount ordered by FSD. The court approved the settlement. This Court has held that a party can prevail by obtaining a favorable settlement. *Greenbriar Hills Country Club v. Dir. Of Revenue,* 47 S.W.3d 346, 353 (Mo. banc 2001). Mother's settlement for a more generous child support award means that she was a prevailing party within the meaning of section 536.087. For these reasons, I would reverse the trial court's decision dismissing Mother's claim for attorney fees and remand the case for further proceedings.

**Robert STANDLEY, Appellant,**

v.

**NORFOLK SOUTHERN RAILWAY COMPANY, Respondent.**

**WD 77584**

Missouri Court of Appeals, Western District.

**ORDER FILED: MARCH 3, 2015**

Daniel F. Church, Michael James Kelly, Kansas City, MO, Counsel for Respondent,

Gregory Michael Tobin, East Alton, IL, Gail Gaus Renshaw, Clayton, MO, Counsel for Appellant

---

synonymous with the phrase "claim of reversible error" in Rule 84.04(d). Under Rule 84.04, this Court only reviews matters properly asserted in the appellant's points relied on. When this Court grants transfer of an appeal after briefing in the court of appeals, Rule 83.03 prohibits the appellant from asserting claims of reversible error in this Court that were not asserted in the court of appeals. A respondent, on the other hand, is "entitled to advance any argument here in support of the judgment." *Rouner v. Wise,* 446 S.W.3d 242, 249, (Mo. banc 2014) (quotation marks omitted). *See also* Rule 84.04(f) (respondent may raise "additional arguments in support of the judgment that are not raised by the [appellant's] points relied on").

Before Division Two: Anthony Rex Gabbert, PJ., Joseph M. Ellis, Karen King Mitchell, JJ.

## ORDER

Per Curiam:

Robert Standley appeals the circuit court's grant of summary judgment in favor of Norfolk Southern Railway Company. We affirm. Rule 84.16.

**STATE of Missouri, Respondent,**

v.

**Nicholas A. EVANS, Appellant.**

**No. ED 100110.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 2014.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 2014.

Application for Transfer Denied March 31, 2015.